PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
The defendant was charged with a single count of cocaine possession in case number 00-27053, and eight other counts, including attempted first degree murder, burglary, battery, and possession of a firearm by a violent career criminal in case number 00-19732. The defendant was placed on two years’ probation in both cases. In December 2001, the State filed affidavits of violation of probation in both cases, alleging the defendant violated his probation by committing three new criminal offenses: first degree murder, possession of a firearm by a convicted felon, and use or display of a firearm while committing a felony. After a hearing, the trial court entered orders revoking the defendant’s probation in both cases.
The defendant thereafter filed a rule 3.850 motion for post-conviction relief in the trial court. The trial court summarily denied the motion, and the defendant appealed. On February 1, 2006, this Court reversed the denial of the defendant’s motion without ordering the State to respond. We remanded the matter to the trial court and directed the trial court to “either summarily deny the motion and attach to its order those portions of the record which conclusively show that Porter is not entitled to relief, or it may conduct other appropriate proceedings and then rule on the motion”. Porter v. State, 920 So.2d 1154, 1154 (Fla. 3d DCA 2006).
On February 22, 2006, the trial court denied the motion in an order setting forth its reasons, but did not include record *1208 attachments or citations. The defendant filed a motion for rehearing and this appeal.
In the defendant’s rule 3.850 motion, he raises seven claims, only one of which is legally sufficient.[1] It is the only claim that is not refuted by the record or the trial court’s order. In Ground Three of his motion, the defendant claims that he received ineffective assistance of trial counsel due to his attorney’s failure to properly investigate his alibi defense. Specifically, he alleges that counsel was ineffective for failing to investigate and secure hotel registration information, including hotel security videotapes, that would have corroborated the defendant’s alibi defense, which he presented through his testimony and the testimony of his witness, Lorenzo Wilson. This claim is not addressed in the trial court’s order.
Consequently, it appears that the defendant has raised a facially sufficient claim for rule 3.850 relief because the present record does not conclusively refute the defendant’s claim with respect to this point. Accordingly, we reverse and remand the case. On remand, if the trial court again enters an order denying the post-conviction motion, the trial court shall attach written portions of the record conclusively refuting the defendant’s claim with respect to ground three of the defendant’s post-conviction motion. See Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
Reversed and remanded for further proceedings.

. All of the defendant's other claims are either legally insufficient or refuted by the defendant’s own appendix attached to his motion for post-conviction relief.